**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SCOTT MELLICAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 07-671-GPM** |
| | ) | |
| DWAYN A. MAUNEY and FLORILLI | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

This matter is before the Court on preliminary review of the allegations of federal subject matter jurisdiction asserted in the notice of removal filed by Defendant Florilli Transportation, L.L.C. ("Florilli").  *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Board of Educ. of Decatur Sch. Dist. No. 61 v. Rainbow/Push Coalition*, 75 F. Supp. 2d 916, 918 (C.D. Ill. 1999) (citing *Wisconsin Knife Works*, 781 F.2d at 1282) (reviewing a notice of removal sua sponte and holding that the court lacked federal subject matter jurisdiction); *Waymar Med., Inc. v. American Med. Elecs., Inc.*, 786 F. Supp. 754, 755 (E.D. Wis. 1992) (same).  *See also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

Florilli has removed this action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court in federal diversity jurisdiction, which requires of course that

the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).  Although it appears from both the notice of removal and the allegations of the underlying state court complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, *see Yount v. Shashek*, 472 F. Supp. 2d 1055, 1066 (S.D. Ill. 2006); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at **3-5 (S.D. Ill. June 30, 2006), the Court finds that Florilli, which as the removing party has the burden of establishing federal jurisdiction, *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 373-74 (7th Cir. 1993); *Cassens*, 430 F. Supp. 2d at 833, has failed properly to allege complete diversity of citizenship.

Florilli alleges that it is "a limited liability company organized and existing under the laws of the State of Iowa, with its principal place of business in West Liberty, Iowa."  (*See* Doc. 2, para. 4.)  Limited liability companies are not, however, the same as corporations when it comes to subject matter jurisdiction.

"[I]n a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  In *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998).  Congress has chosen to establish special rules

for determining the citizenship of certain kinds of associations - specifically, corporations, decedents'

estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because

the statute is silent with respect to limited partnerships and limited liability companies, the Court must

"apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141

F.3d at 318. Unincorporated business entities, *i.e.*, limited partnerships, are treated as citizens of

every state of which any partner or member is a citizen. *Id.* at 316-17. If Florilli is in fact a limited

liability company, the Court must know the citizenship of each of its members.

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy*

*v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not

satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000)

(noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the

existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no

jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter

jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992).

Accordingly, pursuant to 28 U.S.C. § 1653, Defendant shall file, on or before **October 15, 2007**, an

amended notice of removal in conformity with this Order.

**IT IS SO ORDERED.**

DATED: 09/27/07

s/ *G. Patrick Murphy*

G. Patrick Murphy
Chief United States District Judge

Page 3 of  3